UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JONATHAN PEREZ,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**AMES ADVANCED MATERIALS CORPORATION,**<br><br>　　　　Defendant. | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JONATHAN PEREZ ("Plaintiff" or "Perez"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendant, AMES ADVANCED MATERIALS CORPORATION, ("Defendant" or "Ames"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendant as a collective and class action on behalf of himself and all other persons similarly situated – non-exempt chemical operators who suffered damages for damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt chemical operator duties for the Defendant primarily in South Plainfield, Middlesex County, New Jersey. Defendant is therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, Party Ames, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Ames is a wholly owned subsidiary of Ames Goldsmith Corp. ("Ames Goldsmith"). Defendant is "one of the largest integrated silver fabricators in the world." See Defendant's *http://www.amesgoldsmith.com/*. Defendant has facilities in four countries and seven states in the United States, including, but not limited to New Jersey, and New York. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Perez is an adult individual who is a resident of Sayreville, Middlesex County, New Jersey.

9. Plaintiff Perez was employed by Defendant full time as a non-exempt laborer, from in or about March 2016, through in or about May, 2017.

10. Upon information and belief, the Defendant is a wholly owned subsidiary of Ames Goldsmith that is one of the largest worldwide silvery refineries.

11. Upon information and belief, the Defendant, Ames, is headquartered in Glens Falls, New York.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Ames, employs individuals to perform labor services on behalf of the Defendant.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Ames is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## CLASS AND COLLECTIVE ALLEGATIONS

15. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

16. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendant.

17. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times

the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

18. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

19. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendant's policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendant's actions.

20. Upon information and belief, Defendant uniformly applies the same employment policies, practices, and procedures to all employees who work at the Defendant's locations.

21. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendant. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

23. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

24. Plaintiff's claims under the NJWHL are properly maintainable as a class action

under Rule 23 of the Federal Rules of Civil Procedure.

25. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

**FACTS**

26. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendant did not properly compensate Plaintiff for all overtime hours he worked in a work week.

27. Plaintiff Perez was paid approximately $23.50 per hour.

28. Plaintiff Perez worked five (5) days per week.

29. Plaintiff worked forty (40) hours per week, and regularly in excess of forty (40) hours per week.

30. Upon information and belief, Plaintiff was not compensated properly for the time that he spent each and every morning prior to his shift.

31. On average, Plaintiff spent approximately fifteen (15) minutes each and every morning donning and doffing clothes and equipment, and walking to the locker room, that Defendant required Plaintiff to do at the work premises.

32. The clothes and equipment that Plaintiff was required to put on and take off at the work premises, was an integral and indispensable part of the principal activities for which Plaintiff was employed by Defendant.

33. The donning and doffing of the clothes and equipment, as well as the walking to and from the locker room, that Plaintiff did before and after his shift, for which he was not paid, was performed for the benefit of Defendant.

34. Upon information and belief, employees similarly situated to Plaintiff were also compensated improperly, for the daily donning and doffing.

35. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

36. At all times material hereto, Plaintiff and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendant.

37. This cause of action is brought to recover from Defendant, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

38. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendant.

39. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendant.

40. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

41. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who were not properly compensated for those lunch hours worked in excess of forty (40) hours in one or more work periods, on or after May 5, 2013.

42. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

43. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 42 above.

44. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

45. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime lunch hours worked in a work period.

46. All similarly situated employees of the Defendant are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

47. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

48. As a result of Defendant's willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT III
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

49. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 48 above.

50. Defendant's aforementioned conduct is in violation of the NJWHL.

51. As a direct and proximate cause of Defendant's actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past, lost earnings.

## JURY TRIAL

52. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, JONATHAN PEREZ, and those similarly situated employees, demand judgment, against Defendant AMES ADVANCED MATERIALS CORPORATION, for the payment of compensation for all hours due them and overtime hours due them, for the lunch hours worked by them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: June 6, 2017                  Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*